IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL WALKING HORSE ASSOCIATION,<br><br>Defendant. | No. _____ |

## COMPLAINT

Plaintiff, Tennessee Walking Horse Breeders' and Exhibitors' Association, files this complaint against Defendant, National Walking Horse Association, seeking a preliminary and a permanent injunction, and monetary damages. This is an action for: Copyright Infringement in violation of 17 U.S.C. §§ 101 *et seq.*; Trademark Infringement in violation of 15 U.S.C. § 1114(1); Unfair Competition in violation of 15 U.S.C. § 1125(a); Trademark Dilution in violation of 15 U.S.C. § 1125(c); Unfair Competition in violation of Tenn. Code Ann. § 47-18-104; Common Law Unfair Competition; and Intentional Interference with Business Relations.

### I. PARTIES

1. Plaintiff, Tennessee Walking Horse Breeders' and Exhibitors' Association ("TWHBEA" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Tennessee.

2. TWHBEA has its principal place of business at 250 North Ellington Parkway, Lewisburg, Tennessee 37091.

3. Defendant, National Walking Horse Association ("NWHA" or "Defendant"), is a corporation organized and existing under the laws of the State of North Carolina.

4. NWHA has its principal place of business at 6917 Guy-Johnson Lane, Raleigh, North Carolina 27603.

## II. VENUE AND JURISDICTION

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338.

6. This Court has both general and specific personal jurisdiction over Defendant, who has had substantial, continuous and systematic contacts with Tennessee that approximate physical presence in this State. Personal jurisdiction over Defendant is authorized by Tennessee's long-arm statute, codified at Tenn. Code Ann. §§ 20-2-201, 20-2-214 and 20-2-223.

7. Alternatively, Defendant has minimum contacts with Tennessee, so as to justify specific jurisdiction, because: (1) Defendant has performed specific acts in this State and has purposefully availed itself of the privileges of conducting activities in this State; (2) TWHBEA's claims arise out of, and result from, those acts; and (3) the Court's exercise of jurisdiction over Defendant is reasonable.

8. Upon information and belief, Defendant has provided infringing products and services to residents of Tennessee, in unfair competition with TWHBEA.

9. This Court has supplemental jurisdiction over Plaintiff's pendant state law claims, pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims have occurred in this District, and because a substantial part of the property that is the subject of this action is situated in this District.

### III. FACTS

#### A. TWHBEA AND THE TWHBEA REGISTRY

11. Tennessee Walking Horse Breeders' and Exhibitors' Association is the oldest and the most prestigious organization in the world devoted to the breed of the Tennessee Walking Horse.

12. TWHBEA was founded in 1935, in Lewisburg, Tennessee.

13. The State of Tennessee is also home to the oldest and the most prestigious show event for the Tennessee Walking Horse, the Tennessee Walking Horse National Celebration. This event has taken place annually since 1939, in Shelbyville, Tennessee.

14. In 1935, TWHBEA created and established a registry to record the pedigrees of Tennessee Walking Horses ("the TWHBEA Registry").

15. Since 1935, TWHBEA has continuously maintained the TWHBEA Registry, and has marketed and distributed the TWHBEA Registry.

16. As a result, the TWHBEA Registry contains over seventy years' worth of unbroken ancestral lineage records for Tennessee Walking Horses.

17. The TWHBEA Registry is the oldest registry of the Tennessee Walking Horse in the world.

18. The TWHBEA Registry is the best-known, and the most-reputable and respected registry of the Tennessee Walking Horse in the world.

19. The TWHBEA Registry is original to TWHBEA, and would be virtually impossible to independently duplicate.

20. The TWHBEA Registry is subject to copyright protection under 17 U.S.C. §§ 101 *et seq*.

21. TWHBEA has registered its copyright in the TWHBEA Registry with the United States Copyright Office ("the Copyright Office") under Registration Numbers TXu-67-928, TXu-91-028, TXu-131-889, TXu-155-041, TXu-200-340, TXu-231-014, TXu-231-016, TXu-272-088, TXu272-518, TXu-316-329, TXu-372-371 and TXu-470-460. Copies of the Certificates of Registrations Nos. TXu-67-928, TXu-91-028, TXu-155-041, TXu-200-340, TXu-231-014, TXu-231-016, TXu-272-088, TXu272-518, TXu-316-329, TXu-372-371 and TXu-470-460 are attached at Exhibit A.

22. On November 28, 2005, TWHBEA has applied to register its copyright in the latest version of the TWHBEA Registry recorded in the CD-ROM format and first published on July 1, 2005. Copy of this application is attached at Exhibit B.

23. TWHBEA issues ownership and pedigree certificates on the basis of the TWHBEA Registry ("the TWHBEA Registry Certificates").

24. Each TWHBEA Registry Certificate bears the lineage of a particular Tennessee Walking Horse, as reflected in the TWHBEA Registry. That is, each TWHBEA Registry Certificate bears a portion of the copyrighted TWHBEA Registry.

### B. THE TWHBEA MARKS

25. In connection with maintenance of the TWHBEA Registry, TWHBEA has continuously and exclusively used the service-mark TENNESSEE WALKING HORSE

BREEDERS' AND EXHIBITORS' ASSOCIATION in interstate commerce since as early as June 1974.

26. TWHBEA has also continuously and exclusively used this service-mark in interstate commerce, since as early as June 1974, in connection with promotion of sports events and competitions for the Tennessee Walking Horse, and informational services, and printed materials and publications in the field of the Tennessee Walking Horse.

27. TWHBEA has continuously and exclusively used the service-mark TWHBEA in interstate commerce since as early as May 30, 1992, in connection with maintenance of the official breed registry for the Tennessee Walking Horse, and in connection with promotion of sports events and competitions for the Tennessee Walking Horse, and informational services, and printed materials and publications in the field of the Tennessee Walking Horse.

28. TWHBEA has continuously and exclusively used the service-mark TWHBEA and Design ("the TWHBEA Design Mark"; a drawing of this service-mark is attached at Exhibit C) in interstate commerce since as early as May 30, 1992, in connection with maintenance of the official breed registry for the Tennessee Walking Horse, and in connection with promotion of sports events and competitions for the Tennessee Walking Horse, and informational services, and printed materials and publications in the field of the Tennessee Walking Horse.

29. TWHBEA has continuously and exclusively used the service-mark TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION in interstate commerce since as early as July 1, 2002, in connection with on-line informational services, computerized communications services and on-line retail store services in the field of the Tennessee Walking Horse.

30. TWHBEA has continuously and exclusively used the service-mark TWHBEA in interstate commerce since as early as July 1, 2002, in connection with on-line informational services, computerized communications services and on-line retail store services in the field of the Tennessee Walking Horse.

31. TWHBEA has continuously and exclusively used the TWHBEA Design Mark in interstate commerce since as early as July 1, 2002, in connection with on-line informational services, computerized communications services and on-line retail store services in the field of the Tennessee Walking Horse.

32. The United States Patent and Trademark Office issued registration of the TWHBEA Design Mark, in connection with maintenance of the official breed registry for the Tennessee Walking Horse, on January 31, 1995, under Registration Number 1,876,853. Copy of the Certificate of this registration is attached at Exhibit D.

33. The TWHBEA Design Mark and TWHBEA's service-marks TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION and TWHBEA (collectively, "the TWHBEA Marks") are famous.

34. TWHBEA has developed substantial goodwill and commercial value in the TWHBEA Marks.

35. TWHBEA has developed substantial commercial value in the TWHBEA Registry.

### C. NWHA

36. Upon information and belief, NWHA was formed on October 20, 1998.

37. Upon information and belief, in 2000, NWHA applied to the Tennessee Secretary of State for registration as a corporation transacting business in the State of Tennessee.

6

Case 1:05-cv-00088   Document 1   Filed 12/02/2005   Page 6 of 18

38. Upon information and belief, on September 1, 2000, NWHA was qualified by the Tennessee Secretary of State to transact business in the State of Tennessee.

39. Upon information and belief, NWHA's principal office in the State of Tennessee was located at 3188 Lewisburg Highway, Petersburg, Tennessee 37144.

40. Upon information and belief, NWHA's principal office in the State of Tennessee was located fourteen miles from the principal place of business of TWHBEA.

41. Upon information and belief, NWHA's license to transact business in Tennessee was administratively revoked by the Tennessee Secretary of State on June 21, 2002.

42. Upon information and belief, NWHA was formed or founded by Donald Bell ("Mr. Bell").

43. Mr. Bell was a member of the board of directors of TWHBEA from December 1997 to December 2000.

44. Through acting in his fiduciary capacity at TWHBEA, Mr. Bell was aware of the TWHBEA Registry, the TWHBEA Marks, and TWHBEA's copyrights, trademark rights and relations with present and prospective members. Mr. Bell's knowledge is imputed to NWHA.

### D. NWHBA'S UNLAWFUL ACTIVITIES

45. Upon informational and belief, NWHA, when founded, did not possess a database of pedigrees of the Tennessee Walking Horse.

46. Upon information and belief, despite the fact that NWHA did not possess such a database, it established a "Tracking Registry" for Tennessee Walking Horses ("the NWHA Registry").

47. Upon information and belief, the NWHA Registry purportedly provides its users with ancestral lineage information of Tennessee Walking Horses.

48. Upon information and belief, NWHA issues certificates of pedigree and ownership registration for Tennessee Walking Horses ("the NWHA Certificates").

49. Upon information and belief, NWHA has built, and continues to build, the NWHA Registry solely by means of using data from existing registries of the Tennessee Walking Horse, including the TWHBEA Registry.

50. Upon information and belief, since 2003, NWHA has advertised and solicited, through its interactive World Wide Web site, <www.nwha.com> ("the NWHA Website"), and through other means, NWHA's use of the TWHBEA Registry Certificates. Copies of the representative pages of the NWHA Website are attached at Exhibit E.

51. Upon information and belief, NWHA solicits the public to submit the TWHBEA Registry Certificates to NWHA, and uses the TWHBEA Registry Certificates to build the NWHA Registry and to issue certificates of pedigree and ownership registration for Tennessee Walking Horses.

52. Upon information and belief, NWHA has engaged, and continues to engage, in reproducing the TWHBEA Registry Certificates and in preparing derivative works of the TWHBEA Registry, and in distributing such works.

53. Upon information and belief, NWHA has used the TWHBEA Marks in connection with these activities.

54. TWHBEA has not consented to NWHA's use of the TWHBEA Marks and the TWHBEA Registry.

55. Upon information and belief, NWHA has used the TWHBEA Marks and the TWHBEA Registry with full knowledge, actual or constructive notice, and willful disregard of TWHBEA's ownership rights.

56. Upon information and belief, Defendant is attempting to pass off its products and services as if they were TWHBEA's products and services, or as if they were provided under the authority or with the approval of TWHBEA.

57. As a result of Defendant's wrongful conduct, TWHBEA has sustained substantial injury, loss and damage to its ownership rights in the TWHBEA Registry and in the TWHBEA Marks.

58. The natural, probable and foreseeable result of Defendant's wrongful conduct has been, and will continue to be, to deprive TWHBEA of the benefits of controlling the TWHBEA Marks and the TWHBEA Registry, to deprive TWHBEA of the goodwill and commercial value associated with the TWHBEA Marks and of the commercial value of the TWHBEA Registry, and to injure TWHBEA's relations with its present and prospective members.

## IV. CAUSES OF ACTION

### A. COPYRIGHT INFRINGEMENT

59. TWHBEA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

60. The TWHBEA Registry is original to TWHBEA and is subject to copyright protection under 17 U.S.C. §§ 101 *et seq.*

61. TWHBEA is currently, and at all relevant times has been, the sole owner of all rights, title and interests in and to the copyright in the TWHBEA Registry.

62. By its actions, Defendant has infringed and will continue to infringe on TWHBEA's copyright in the TWHBEA Registry.

9

Case 1:05-cv-00088   Document 1   Filed 12/02/2005   Page 9 of 18

63. Because of Defendant's acts and threatened acts of copyright infringement, TWHBEA has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in the copyright in the TWHBEA Registry.

64. Because of Defendant's acts and threatened acts of copyright infringement, Defendant has obtained, and will continue to obtain, gains, profits and advantages to which it is not in equity or in good conscience entitled, and which have unjustly enriched Defendant.

65. TWHBEA will suffer irreparable harm because of Defendant's conduct, and TWHBEA is without an adequate remedy at law. TWHBEA is entitled, pursuant to 17 U.S.C. § 502, to an injunction restraining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

66. TWHBEA is further entitled, pursuant to 17 U.S.C. § 503, to the impounding and destruction of all articles produced by Defendant in violation of TWHBEA's copyright in the TWHBEA Registry.

67. TWHBEA is also entitled, pursuant to 17 U.S.C. § 504(b), to recover from Defendant the damages sustained by TWHBEA as a result of Defendant's copyright infringement.

68. TWHBEA is further entitled, pursuant to 17 U.S.C. § 504(b), to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its acts of copyright infringement.

69. TWHBEA is entitled, pursuant to 17 U.S.C. § 504(c), to recover from Defendant statutory damages in the amount of $150,000.00 for Defendant's acts of willful copyright infringement.

70. TWHBEA is entitled, pursuant to 17 U.S.C. § 505, to recover from Defendant full costs and reasonable attorneys' fees incurred by TWHBEA in this action.

### B. TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1)

71. TWHBEA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

72. Defendant has used, and continues to use, imitation of the TWHBEA Design Mark, in connection with the sale, offering for sale, distribution, and advertising of Defendant's services, and such use is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection or association of Defendant with TWHBEA, or as to the origin of Defendant's services, or as to sponsorship or approval by TWHBEA of Defendant's goods, services or commercial activities, in violation of 15 U.S.C. § 1114(1).

73. Defendant has used, and continues to use, imitation of the TWHBEA Design Mark with knowledge and intent that such use cause confusion, or cause mistake or deceive the public.

74. Because of Defendant's acts and threatened acts of trademark infringement, TWHBEA has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in the TWHBEA Design Mark.

75. Because of Defendant's acts and threatened acts of trademark infringement, Defendant has obtained, and will continue to obtain, gains, profits and advantages to which it is not in equity or in good conscience entitled, and which have unjustly enriched Defendant.

76. TWHBEA will suffer irreparable harm because of Defendant's conduct, and TWHBEA is without an adequate remedy at law. TWHBEA is entitled, pursuant to 15 U.S.C. § 1116(a), to an injunction restraining Defendant, its officers, directors, agents, employees,

representatives and all persons acting in concert with them from engaging in further such acts of trademark infringement.

77. TWHBEA is also entitled, pursuant to 15 U.S.C. § 1117(a), to recover from Defendant the damages sustained by TWHBEA as a result of Defendant's trademark infringement, the gains, profits and advantages that Defendant has obtained as a result of its acts of trademark infringement, and full costs and reasonable attorneys' fees incurred by TWHBEA in this action.

78. TWHBEA is further entitled, in light of the exceptional circumstances of this case, to a sum above the amount of actual damages, and gains, profits and advantages determined pursuant to 15 U.S.C. § 1117(a), not exceeding three times their amount.

### C. UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(A)

79. TWHBEA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

80. Defendant's use of the TWHBEA Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with TWHBEA, or as to the origin of Defendant's services, or as to sponsorship or approval by TWHBEA of Defendant's goods, services or commercial activities, in violation of 15 U.S.C. § 1125(a)(1).

81. Because of Defendant's acts and threatened acts of unfair competition, TWHBEA has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in the TWHBEA Marks.

82. Because of Defendant's acts and threatened acts of unfair competition, Defendant has obtained, and will continue to obtain, gains, profits and advantages to which it is not in equity or in good conscience entitled, and which have unjustly enriched Defendant.

83. TWHBEA will suffer irreparable harm because of Defendant's conduct, and TWHBEA is without an adequate remedy at law. TWHBEA is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of unfair competition.

84. TWHBEA is also entitled, pursuant to 15 U.S.C. § 1125(a)(1), to recover from Defendant the damages sustained by TWHBEA as a result of Defendant's acts of unfair competition, and the gains, profits and advantages that Defendant has obtained as a result of such acts.

### D. COMMON LAW UNFAIR COMPETITION

85. TWHBEA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

86. Defendant's use of the TWHBEA Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with TWHBEA, or as to the origin of Defendant's services, or as to sponsorship or approval by TWHBEA of Defendant's goods, services or commercial activities.

87. Because of Defendant's acts and threatened acts of unfair competition, TWHBEA has sustained, and will continue to sustain, substantial injury, loss and damage to its ownership interest in the TWHBEA Marks.

88. Because of Defendant's acts and threatened acts of unfair competition, Defendant has obtained, and will continue to obtain, gains, profits and advantages to which it is not in equity or in good conscience entitled, and which have unjustly enriched Defendant.

89. TWHBEA will suffer irreparable harm because of Defendant's conduct, and TWHBEA is without an adequate remedy at law. TWHBEA is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of unfair competition.

90. TWHBEA is also entitled to recover from Defendant the damages sustained by TWHBEA as a result of Defendant's acts of unfair competition, and the gains, profits and advantages that Defendant has obtained as a result of such acts, in an amount in excess of the jurisdictional threshold.

### E. UNFAIR COMPETITION IN VIOLATION OF TENN. CODE ANN. § 47-18-104

91. TWHBEA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

92. Defendant has engaged, and continues to engage, in deceptive trade practices, within the meaning of the Tennessee Unfair Competition Law, codified at Tennessee Code Annotated Section 47-18-104, by falsely passing off its products and services as those of TWHBEA; causing a likelihood of confusion or of misunderstanding as to TWHBEA's affiliation, connection or association with, or certification of, Defendant's products or services; causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, association with, or certification by TWHBEA; representing that Defendant's products and services have sponsorship or approval that they do not have; representing that Defendant itself has sponsorship, approval, status, affiliation, or connection that it does not have; and using

statements or illustrations in advertisements that create a false impression of the origin of the goods and services offered and otherwise misrepresenting its goods and services.

93. The public is likely to be substantially damaged as a result of the deceptive and unfair trade practices of Defendant.

94. Unless permanently enjoined by this Court, Defendant will continue these unfair and deceptive trade practices, thereby deceiving the trade and the public and causing TWHBEA immediate and irreparable injury, for which it has no adequate remedy at law.

95. In addition, TWHBEA is entitled, pursuant to Tenn. Code Ann. § 47-18-109, to monetary damages resulting from Defendant's unfair and deceptive acts, in an amount in excess of the jurisdictional threshold, treble damages for Defendant's willful or knowing violations of the Tennessee Unfair Competition Law, and attorneys' fees incurred by TWHBEA in this action.

### F. TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(C)

96. TWHBEA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

97. The TWHBEA Marks are famous.

98. Defendant's use of the TWHBEA Marks began after the TWHBEA Marks became famous.

99. Defendant's use of the TWHBEA Marks is for commercial purposes.

100. Defendant's use of the TWHBEA Marks has caused, and continues to cause, dilution of the distinctive qualities of the TWHBEA Marks.

101. TWHBEA is entitled, pursuant to 15 U.S.C. § 1125(c), to injunctive relief against Defendants acts of dilution of the TWHBEA Marks, and to the remedies set forth in 15 U.S.C. §§ 1117(a) and 1118.

## G. INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

102. TWHBEA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

103. TWHBEA has, through its own efforts and over a period of time, developed certain existing relations with its members and with identifiable future members.

104. Defendant had, at all times relevant to this case, specific knowledge these existing and prospective relations of TWHBEA.

105. Despite Defendant's knowledge of these relations, Defendant has engaged, and continues to engage, in acts of copyright and trademark infringement, unfair competition and dilution, in violation of TWHBEA's rights and interests.

106. Defendant has intentionally interfered, and continues to intentionally interfere, with improper motive or through improper means, with TWHBEA's mission and TWHBEA's service to, and relations with, its members and future members.

107. Because of Defendant's acts and threatened acts, Defendant has obtained, and will continue to obtain, gains, profits and advantages to which it is not in equity or in good conscience entitled, and which have unjustly enriched Defendant.

108. TWHBEA will suffer irreparable harm because of Defendant's conduct, and TWHBEA is without an adequate remedy at law. TWHBEA is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of intentional interference with TWHBEA's mission and TWHBEA's service to, and relations with, its present and future members.

109. TWHBEA is also entitled to recover from Defendant the damages sustained by TWHBEA as a result of Defendant's acts of intentional interference with TWHBEA's TWHBEA's mission and TWHBEA's service to, and relations with, its present and future members, and the gains, profits and advantages that Defendant has obtained as a result of such acts, in an amount in excess of the jurisdictional threshold.

## V. PRAYER FOR RELIEF

WHEREFORE, the above premises considered, TWHBEA prays for the following relief:

1. That proper process issue and be served upon Defendant;

2. That upon service of process, this Court set a hearing, and after a hearing, issue a preliminary injunction, enjoining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them, from continued infringement on the TWHBEA Registry, infringement on the TWHBEA Marks, dilution of the TWHBEA Marks, and intentional interference with TWHBEA's business relations, pending the conclusion of this litigation;

3. That at the conclusion of the trial in this matter, this Court issue a permanent injunction, enjoining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them, from:

   a. copying or making any unauthorized use of the TWHBEA Registry or any other works of TWHBEA subject to copyright protection, in any manner, and from publishing, distributing, selling, marketing, producing or otherwise disposing of any copies of the TWHBEA Registry or any other works of TWHBEA subject to copyright protection; and

b. using any simulation, reproduction, counterfeit, copy or colorable imitation of the TWHBEA Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service.

4. That Defendant be ordered to pay TWHBEA such damages as the trier of fact determines TWHBEA has sustained as a result of Defendant's acts of copyright infringement, trademark infringement, unfair competition, dilution and intentional interference with TWHBEA's business relations, and to account for all gains, profits and advantages derived by Defendant through these acts.

5. That Defendant be ordered to pay TWHBEA statutory damages in the amount of $150,000.00, pursuant to 17 U.S.C. § 504(c).

6. That Defendant be ordered to pay TWHBEA such treble and punitive damages as this Court finds proper.

7. That Defendant be ordered to pay the full costs and reasonable attorneys' fees that TWHBEA incurred in this action.

8. That this Court grant TWHBEA such other and additional relief as it deems just and equitable.

*Natalya L. Rose*
Stephen J. Zralek (BPR No. 18971)
Natalya L. Rose (BPR No. 21701)
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300
szralek@bonelaw.com
nrose@bonelaw.com

*Counsel for Tennessee Walking Horse Breeders' and Exhibitors' Association*