IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| TENNESSEE WALKING HORSE ) <br> BREEDERS' AND EXHIBITORS' ) <br> ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL WALKING HORSE ) <br> ASSOCIATION, ) <br> ) <br> Defendant. ) | CASE NO. 1:05cv00088 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE KNOWLES |

## ANSWER TO COMPLAINT

COMES NOW, the National Walking Horse Association ("NWHA") and responds as follows to Plaintiff's Complaint:

NWHA acknowledges that Plaintiff brings this action against NWHA for: Copyright Infringement violations of 17 U.S.C. §§ 101 *et seq.*; Trademark Infringement in violation of 15 U.S.C. § 1114(1); Unfair Competition in violation of 15 U.S.C. § 1125(a); Trademark Dilution in violation of 15 U.S.C. § 1125(c); Unfair Competition in violation of Tenn. Code Ann. § 47-18-104; Common Law Unfair Competition; and Intentional Interference with Business Relations; but expressly denies that NWHA committed any violations of the before mentioned statutes and or common law claims.

By way of answer to the numbered averments contained in the Complaint, NWHA shows as follows:

## I. PARTIES

1. Admitted.

2. NWHA does not have sufficient information to admit or deny the allegations of Paragraph 2, and are admitted unless discovery reveals otherwise.

3. Admitted.

4. NWHA has its principal place of business at 11362 East Highway Eighty-Two, Whitesboro, Texas 76273, therefore Paragraph 4 is denied.

## II. VENUE AND JURISDICTION

5. Admitted.

6. Admitted.

7. NWHA admits that specific jurisdiction in Tennessee is proper. NWHA does not have sufficient knowledge to admit as to whether Plaintiff's claims were a result of any actions by NWHA and, therefore, denies the same.

8. NWHA denies each and every allegation of Paragraph 8.

9. Admitted.

10. NWHA admits that venue is proper in this district. NWHA denies that a substantial part of the intellectual and or tangible property that may be subject to this action is situated in this District.

## III. FACTS

### A. TWHBEA AND THE TWHBEA REGISTRY

11  NWHA does not have sufficient knowledge to admit or deny as to whether the Plaintiff is the oldest organization in the world devoted to the breed of the walking horse, or Plaintiff's proposed breed of Tennessee Walking Horse, and, therefore, denies the same. Whether

Page 2 of 14

Plaintiff is the most prestigious organization in the world devoted to the breed of walking horses, or Plaintiff's proposed breed of Tennessee Walking Horse, is Plaintiff's opinion, and thus denied.

12. NWHA is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13. NWHA is without knowledge or information sufficient to form a belief as to whether the Tennessee Walking Horse National Celebration is the oldest event for the walking horse, or plaintiff's proposed breed of Tennessee Walking Horse, and, therefore, denies the same. Additionally, whether the Tennessee Walking Horse National Celebration is the most prestigious show event for the walking horse, or plaintiff's proposed breed of Tennessee Waking Horse, is Plaintiff's opinion, and therefore, NWHA denies the same.

14. NWHA admits that the Plaintiff, at some point in time, created a registry of walking horses. NWHA is without knowledge or information sufficient to form a belief as to the truth of the time in which Plaintiff's registry was created and, therefore, denies the same.

15. NWHA admits that Plaintiff has maintained, marketed and distributed a registry for walking horses; however, NWHA is without knowledge or information sufficient to establish when Plaintiff established a registry, therefore, denies the initial date of existence of the same.

16. NWHA admits that Plaintiff's registry contains factual ancestral lineage records for walking horses. NWHA is without knowledge or information sufficient to determine whether Plaintiff's registry contains over seventy years of records and whether those records are unbroken and, therefore, the remainder of the averments contained in Paragraph 16 of the Complaint are denied.

17. NWHA is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Paragraph 18 is the opinion of Plaintiff, and is therefore denied.

19. NWHA denies that any factual ancestral lineage information within Plaintiff's registry, or any registry created therefrom, is original to Plaintiff. Accordingly, NWHA denies that the factual information used to create an ancestral lineage registry, or any registry created therefrom, is virtually impossible to independently duplicate.

20. NWHA admits that certain non-factual elements of creative expression found within Plaintiff's registry, and Plaintiff's registry as an indivisible whole, may afford some protection under 17 U.S.C. §§ 101 *et seq*. NWHA denies that any historical facts contained within Plaintiff's registry are subject to protection under 17 U.S.C. §§ 101 *et seq.*

21. NWHA admits that the Plaintiff registered and received copyright registration certificates for the TWHBEA Registry as an indivisible whole. NWHA admits that copyright registration certificates are attached to the Complaint at Exhibit A.

22. Based on the information provided by Plaintiff, NWHA admits that Plaintiff applied for registration for the latest version of the TWHBEA Registry as an indivisible whole in a CD-ROM format. NWHA is without knowledge or information sufficient to form a belief as to the truth of when the TWHBEA Registry was first published on CD-ROM format and, therefore, denies the same. NWHA admits that a copy of this application is attached to the Complaint as Exhibit B.

23. NWHA is without sufficient knowledge as to the basis from which Plaintiff currently issues registry certificates and, therefore, denies the same. NWHA admits that Plaintiff issues certificates to owners of walking horses.

24. NWHA denies that there is anything afforded copyright protection in Plaintiff's registry that likewise appears in Plaintiff's certificates. NWHA admits that Plaintiff issues certificates which bear the factual ancestral lineage of particular walking horses. NWHA is without

sufficient knowledge as to whether the factual ancestral lineage found on every issued certificate is accordingly reflected in Plaintiff's registry.

## B. THE TWHBEA MARKS

25. NWHA is without knowledge or information sufficient to determine whether Plaintiff has continuously and exclusively used the words "TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION", in connection with the maintenance of Plaintiff's registry, as a service-mark in interstate commerce since June 1974 and, therefore, denies the same.

26. NWHA is without knowledge or information sufficient to determine whether Plaintiff has continuously and exclusively used the words "TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION" in connection with the promotion of walking horse sporting events and competitions, informational services, and printed materials and publications in the field of walking horses since June 1974 and, therefore, denies the same.

27. NWHA is without knowledge or information sufficient to determine whether Plaintiff has continuously and exclusively used the letters "TWHBEA", in connection with the promotion of walking horse sporting events and competitions, informational services, and printed materials and publications in the field of walking horses since May 30, 1992 and, therefore, denies the same.

28. NWHA admits that Plaintiff has used the federally registered design-only service mark (as shown in the Exhibit C drawing) to identify a walking horse registry for advertising and business purposes. NWHA is without knowledge or information to determine if Plaintiff has used its federally registered design service mark in connection with the promotion of walking horse sporting events and competitions, information services, and printed materials and publications in the field of walking horses and, therefore, denies the same.

29. NWHA is without knowledge or information sufficient to determine whether Plaintiff has continuously and exclusively used the words "TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION" as a service-mark in interstate commerce in connection with on-line information services, computerized communications services and on-line retail store services since July 1, 2002 in the field of the walking horse and, therefore, denies the same.

30. NWHA is without knowledge or information sufficient to determine whether Plaintiff has continuously and exclusively used the letters "TWHBEA", in connection with on-line informational services, computerized communications services and on-line retail store services in the field of walking horses since July 1, 2002 and, therefore denies the same.

31. NWHA is without knowledge or information sufficient to determine whether Plaintiff used it federally registered design service mark in connection with on-line informational services, computerized communications services and on-line retail store services in the field of walking horses since July 1, 2002 and, therefore, denies the same.

32. NWHA denies that Plaintiff's registry is the official registry for walking horses or Plaintiff's proposed breed of Tennessee Walking Horse. NWHA admits that the United State Patent and Trademark Office registered Plaintiff's design only service mark, as it appears in Exhibit D, on January 31, 1995, under Registration Number 1,876,853.

33. NWHA is without knowledge or information sufficient to determine whether any of Plaintiff's registered and/or proposed service marks are considered famous and, therefore, denies the same.

34. NWHA admits that Plaintiff has developed some commercial value and goodwill in its federally registered design service mark. NWHA is without knowledge or information sufficient to determine whether Plaintiff has developed any goodwill and or commercial value in the acronym

"TWHBEA" or the words "TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION" and, therefore, denies the same.

35. NWHA admits that Plaintiff has developed commercial value in its registry.

### C. NWHA

36. Admitted.

37. Admitted.

38. Admitted

39. Admitted.

40. Admitted.

41. Admitted.

42. NWHA denies NWHA was formed or founded by Don Bell ("Mr. Bell") individually, as in fact NWHA was founded by approximately fifty individuals.

43. Admitted.

44. NWHA admits that Mr. Bell was aware of Plaintiff's registry, Plaintiff's federally registered design service mark and that the Plaintiff's registry as an indivisible whole received copyright registration. NWHA denies that Mr. Bell was aware of marks used in commerce to identify Plaintiff's goods and or services other than the federally registered design service mark. NWHA denies that Mr. Bell was aware of every existing relationship with present and prospective members of Plaintiff. NWHA admits that Mr. Bell's knowledge is imputed to NWHA only to the extent of Mr. Bell's admissions herein.

### D. NWHA'S UNLAWFUL ACTIVITIES

45. Admitted.

46. NWHA admits that it established a registry for walking horses.

47. NWHA admits that its registry provides factual ancestral lineage information of walking horses.

48. NWHA admits that it issues certificates of pedigree and ownership registration for walking horses.

49. NWHA denies that it builds its registry solely by means of using data from existing registries. NWHA admits that it builds its registry based on the factual ancestral lineage information of walking horses.

50. NWHA admits it has solicited and advertised that it uses the factual ancestral lineage information of walking horses to create a registry for the same. NWHA denies that it has solicited and advertised any use of the Plaintiff's registry certificates in their entirety or any of the copyrightable elements thereof.

51. NWHA admits that it has given persons desiring to register their walking horse with NWHA the option to submit certificates created by Plaintiff, from which factual ancestral lineage information could be obtained. NWHA denies that it builds upon its registry, issues certificates of pedigree, or issues ownership registrations solely from the information found within the certificates issued by Plaintiff.

52. NWHA denies that it has reproduced, prepared derivative works from or distributed Plaintiff's registry certificates. NWHA admits that it has used factual ancestral lineage information to create original works of authorship.

53. NWHA denies each and every allegation of Paragraph 53.

54. NWHA denies that it has used Plaintiff's federally registered design service mark in connection with any commercial activity, thus consent is irrelevant.

55. NWHA denies each and every allegation of Paragraph 55.

56. NWHA denies each and every allegation of Paragraph 56.

57. NWHA denies the averments in Paragraph 57.

58. NWHA denies the averments in Paragraph 58.

## IV. CAUSES OF ACTION

### A. COPYRIGHT INFRINGEMENT

59. NWHA incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

60. NWHA denies that factual ancestral lineage information of walking horses is original to Plaintiff, and as such, is not subject to copyright protection under 17 U.S.C. §§ 101 *et seq*. NWHA is without knowledge or information sufficient to determine whether Plaintiff's current registry as an indivisible whole is original to Plaintiff and, therefore, denies that Plaintiff's registry is subject to copyright protection under 17 U.S.C. §§ 101 *et seq.*

61. NWHA is without knowledge or information sufficient to determine whether Plaintiff, at all relevant times, has been the sole owner of all right, title and interest in and to any copyrightable expression that Plaintiff may have in its registry and, therefore, denies the same.

62. NWHA denies each and every allegation of Paragraph 62.

63. NWHA denies each and every allegation of Paragraph 63.

64. NWHA denies each and every allegation of Paragraph 64.

65. Paragraphs 65 to 70 of the Complaint are prayers for relief, and as such, do not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

### B. TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1)

71. NWHA incorporates the factual allegations set forth in the preceding Paragraphs as if the same were fully written herein.

72. NWHA denies that it purposefully uses the letters "TWHBEA" to imitate the Plaintiff's federally registered design service mark. NWHA denies that the application of the letters "TWHBEA" is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection or association of NWHA with Plaintiff, as to the origin of NWHA's services, or as to sponsorship or approval by Plaintiff of NWHA's goods, services or commercial activities in violation of 15 U.S.C. §1114(1).

73. NWHA denies each and every allegation of Paragraph 73.

74. NWHA denies each and every allegation of Paragraph 74.

75. NWHA denies each and every allegation of Paragraph 75.

76. Paragraphs 76 to 78 of the Complaint are prayers for relief, and as such, do not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

### C. UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(A)

79. NWHA incorporates the factual allegations set forth in the preceding Paragraphs as if the same were fully written herein.

80. NWHA denies any use of Plaintiff's federally registered design service mark. NWHA denies that the application of the letters "TWHBEA" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of NWHA with Plaintiff, as to the origin of NWHA's services, or as to sponsorship or approval by Plaintiff of NWHA's goods, services or commercial activities in violation of 15 U.S.C. §1125(a)(1).

81. NWHA denies each and every allegation of Paragraph 81.

82. NWHA denies each and every allegation of Paragraph 82.

83. Paragraphs 83 and 84 of the Complaint are prayers for relief, and as such, do not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

### D. COMMON LAW UNFAIR COMPETITION

85. NWHA incorporates the factual allegations set forth in the preceding Paragraphs as if the same were fully written herein.

86. NWHA denies any use of Plaintiff's federally registered design service mark. NWHA denies that the application of the letters "TWHBEA" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of NWHA with Plaintiff, as to the origin of NWHA's services, or as to sponsorship or approval by Plaintiff of NWHA's goods, services or commercial activities.

87. NWHA denies each and every allegation of Paragraph 87.

88. NWHA denies each and every allegation of Paragraph 88.

89. Paragraphs 89 and 90 of the Complaint are prayers for relief, and as such, do not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

### E. UNFAIR COMPETITION IN VIOLATION OF TENN. CODE ANN. § 47-18-104

91. NWHA incorporates the factual allegations set forth in the preceding Paragraphs as if the same were fully written herein.

92. NWHA denies that it has attempted to pass off its products and services as those of Plaintiffs. NWHA denies any act that has likely caused confusion as to Plaintiff's affiliation or certification of NWHA goods and/or services. NWHA denies that the application of the letters "TWHBEA" creates a false impression as to the origin of NWHA's goods and services.

93. NWHA denies each and every allegation of Paragraph 93.

94. Paragraphs 94 and 95 of the Complaint are prayers for relief, and as such, do not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

### F. TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)

96. NWHA incorporates the factual allegations set forth in the preceding Paragraphs as if the same were fully written herein.

97. NWHA is without knowledge or information sufficient to determine whether any of Plaintiff's registered and/or proposed service marks are considered famous and, therefore, denies the same.

98. NWHA denies any use of Plaintiff's federally registered design service mark. NWHA is without knowledge or information sufficient to determine whether any of Plaintiff's registered and/or proposed service marks are considered famous and, therefore, denies the same.

99. NWHA denies any use of Plaintiff's federally registered design service mark. NWHA admits that the acronym "TWHBEA" identified Plaintiff's registry certificates on NWHA's website, but denies that it was a use of Plaintiff's proposed service mark(s). NWHA denies any allegation of sponsorship by Plaintiff's proposed services marks.

100. NWHA denies any use of Plaintiff's federally registered design service mark. NWHA admits that the acronym "TWHBEA" identified Plaintiff's registry certificates on NWHA's website, but denies that it was a use of Plaintiff's proposed service mark(s). NWHA denies any allegation of dilution of Plaintiff's proposed services marks.

101. Paragraph 101 of the Complaint is a prayer for relief, and as such, does not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

### G. INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

102. NWHA incorporates the factual allegations set forth in the preceding Paragraphs as if the same were fully written herein.

103. NWHA is without knowledge or information sufficient to determine whether Plaintiff has developed certain existing relations with its members and with identifiable future members and, therefore, denies the same.

104. NWHA denies any specific knowledge not otherwise admitted within the Answer.

105. NWHA denies each and every allegation of Paragraph 105.

106. NWHA denies each and every allegation of Paragraph 106.

107. NWHA denies each and every allegation of Paragraph 107.

108. Paragraphs 108 and 109 of the Complaint are prayers for relief, and as such, do not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

All allegations of the Complaint not admitted or denied above are hereby denied.

## V. PRAYER FOR RELIEF

Paragraphs 1 to 8 of section five of the Complaint entitled "PRAYER FOR RELIEF" are prayers for relief, and as such, do not require a response. NWHA denies that Plaintiff is entitled to any relief whatsoever.

## VI. AFFIRMATIVE DEFENSES

1. Some or all of the claims made in the Complaint may be barred by the applicable statute of limitations, doctrine of laches, or for failure to satisfy conditions precedent.

2. Some or all of the claims made in the Complaint may be barred by the doctrine of Estoppel.

3. Some or all of the Complaint fails to state a claim upon which relief may be granted.

4. Some or all of the claims made in the Complaint may be barred by the doctrines of avoidance of the consequences, fair use, nominative fair use, or the failure to mitigate damages.

5. Plaintiff's alleged injuries and damages may have been the proximate result of independent, intervening and superseding causes for which NWHA is not liable.

WHEREFORE, having fully answered, NWHA respectfully requests that:

(a) Judgment be entered in favor of NWHA and against Plaintiff on all claims;

(b) That all costs of this action be charged to Plaintiff; and

(c) That NWHA be granted such other and further relief to which it may be entitled, including but not limited to attorney fees.

Respectfully submitted,

JACK, LYON & JONES, P.A.

By: /s/ Bruce H. Phillips
Bruce H. Phillips (BPR No. 16499)
**JACK, LYON & JONES, P.A.**
11 Music Circle South, Ste. 202
Nashville, TN 37203
(615) 259-4664
(615) 259-4668 - fax
brucep@jljnash.com

*Attorneys for Defendant*

### Certificate of Service

I, Bruce H. Phillips, hereby certify the foregoing Answer was filed through the Electronic Filing System in accord with Rule 29 of the United States District Court Local Rules of Court for the Middle District of Tennessee, for service upon Stephen J. Zralek, 511 Union Street, Suite 1600, Nashville, Tennessee 37219 to on this the 13h day of January, 2006.

/s/ Bruce H. Phillips
Bruce H. Phillips