IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATIONAL WALKING HORSE ASSOCIATION,<br><br>　　　　Defendant. | No. 1:05-0088<br>Judge Campbell<br>Magistrate Judge Knowles |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

The parties, Plaintiff Tennessee Walking Horse Breeders' and Exhibitors' Association ("TWHBEA") and Defendant National Walking Horse Association ("NWHA") jointly file this Proposed Initial Case Management Order, pursuant to Local Rule 11.

1. **Jurisdiction of Court**

Jurisdiction in this case is based upon 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1332 1338 and 1367; and Tenn. Code Ann. §§ 20-2-201, 20-2-214, and 20-2-223. Jurisdiction is not disputed.

2. **Parties' Claims and Defenses**

   A. **Theory of Plaintiff**

   1. Introduction

TWHBEA claims that NWHA has infringed upon and continues to infringe upon its copyrights and trademarks, and that NWHA has engaged and continues to engage in

unfair competition, by inviting and accepting individuals to register their horses' ancestral lineage with NWHA, by using TWHBEA's ancestral lineage registry without its knowledge or permission. TWHBEA further claims that NWHA has and continues to dilute TWHBEA's service-marks and that it has and continues to intentionally interfere with TWHBEA's business relations, in violation of law.

2. Background on TWHBEA, its Registry, copyrights and trademarks

TWHBEA was founded in 1935 in Lewisburg, Tennessee, and is the oldest and most prestigious organization in the world devoted to the breed of the Tennessee Walking Horse. In the same year, TWHBEA created and established a registry to record the pedigrees of Tennessee Walking Horses ("the TWHBEA Registry"). Since that time, TWHBEA has continuously maintained the TWHBEA Registry, which contains over 70 years' worth of unbroken ancestral lineage records for Tennessee Walking Horses. The TWHBEA Registry is original to TWHBEA, and would be virtually impossible to independently duplicate.

The TWHBEA Registry is subject to copyright protection under 17 U.S.C. §§ 101 *et seq*. TWHBEA has registered its copyright in the TWHBEA Registry with the United States Copyright Office ("the Copyright Office") under various Registration Numbers. On November 28, 2005, TWHBEA applied to register its copyright in the latest version of the TWHBEA Registry recorded in the CD-ROM format.

TWHBEA issues ownership and pedigree certificates on the basis of the TWHBEA Registry ("the TWHBEA Registry Certificates"). Each TWHBEA Registry Certificate bears the lineage of a particular Tennessee Walking Horse, as reflected in the TWHBEA Registry, thereby bearing a portion of the copyrighted TWHBEA Registry.

TWHBEA has continuously and exclusively used the service-mark TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION in interstate commerce, since as early as June 1974 in connection with maintenance of the official breed registry for the Tennessee Walking Horse and related services, and since as early as July 1, 2002 in connection with on-line services in the field of the Tennessee Walking Horse. TWHBEA has continuously and exclusively used the service-mark TWHBEA, and the service-mark TWHBEA and Design ("the TWHBEA Design Mark"), in interstate commerce, since as early as May 30, 1992 in connection with maintenance of the official breed registry for the Tennessee Walking Horse and related services, and since as early as July 1, 2002 in connection with on-line services in the field of the Tennessee Walking Horse. The U.S. Patent and Trademark Office issued registration of the TWHBEA Design Mark, in connection with maintenance of the official breed registry for the Tennessee Walking Horse, on January 31, 1995.

The TWHBEA Design Mark and TWHBEA's service-marks TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION and TWHBEA (collectively, "the TWHBEA Marks") are famous. TWHBEA has developed substantial goodwill and commercial value in the TWHBEA Marks, as well as in the TWHBEA Registry.

3. NWHA's Unlawful Activities

NWHA was formed on October 20, 1998, with its principal office only 14 miles away from TWHBEA. NWHA's license to transact business in Tennessee was administratively revoked by the Tennessee Secretary of State on June 21, 2002. NWHA was formed or founded by Donald Bell ("Mr. Bell"), who was a member of the board of

directors of TWHBEA from December 1997 until December 2000. In his fiduciary capacity at TWHBEA, Mr. Bell was aware of the TWHBEA Registry, the TWHBEA Marks, and TWHBEA's copyrights, trademark rights, and relations with present and prospective members. Mr. Bell's knowledge is imputed to NWHA.

When founded, NWHA did not have a database of pedigrees of the Tennessee Walking Horse. Nevertheless, it established a "Tracking Registry" for Tennessee Walking Horses ("the NWHA Registry"), which purportedly provides its users with ancestral lineage information of Tennessee Walking Horses. Like TWHBEA, NWHA issues certificates of pedigree and ownership registration for Tennessee Walking Horses ("the NWHA Certificates"), but NWHA does so solely by means of using data from existing registries of the Tennessee Walking Horse, including the TWHBEA Registry.

Since 2003, NWHA has advertised and solicited, through its interactive World Wide Web site, <www.nwha.com> ("the NWHA Website"), and through other means, NWHA's use of the TWHBEA Registry Certificates. NWHA solicits the public to submit the TWHBEA Registry Certificates to NWHA, and uses the TWHBEA Registry Certificates to build the NWHA Registry and to issue certificates of pedigree and ownership registration for Tennessee Walking Horses.

NWHA has and continues to reproduce the TWHBEA Registry Certificates, prepare derivative works of the TWHBEA Registry, and distribute such works. NWHA has used the TWHBEA Marks in connection with these activities, despite the fact that TWHBEA has not consented to NWHA's use of the TWHBEA Marks and the TWHBEA Registry. NWHA is attempting to pass off its products and services as if they were

TWHBEA's products and services, or as if they were provided under the authority or with the approval of TWHBEA.

As a result of Defendant's wrongful conduct, TWHBEA has sustained substantial injury, loss and damage to its ownership rights in the TWHBEA Registry and in the TWHBEA Marks. The natural, probable and foreseeable result of Defendant's wrongful conduct has been, and will continue to be, to deprive TWHBEA of the benefits of controlling the TWHBEA Marks and the TWHBEA Registry, to deprive TWHBEA of the goodwill and commercial value associated with the TWHBEA Marks and of the commercial value of the TWHBEA Registry, and to injure TWHBEA's relations with its present and prospective members.

**B.  Theory of Defendant**

The National Walking Horse Association (NWHA) denies that it has or is engaged in any conduct that would support TWHBEA's claims. Like TWHBEA, NWHA is an organization devoted to the Walking Horse breed. NWHA has established its own registry to record pedigrees of Walking Horses and issues its own certificates of registration. Neither the establishment of NWHA's registry, nor the issuance of registration certificates, give rise to a claim by TWHBEA. TWHBEA does not have a monopoly on registries for the Walking Horse, any more than the American Kennel Club has a monopoly on the registry for dogs. In fact, some Walking Horses are registered in more than one registry, all of which use the identical pedigree.

TWHBEA's claim for copyright infringement is without merit. The U.S. Copyright Act protects the original expression of ideas once they are reduced to tangible form. Information itself, such as the pedigree of a horse, is within the public domain and

as such is not subject to copyright protection. NWHA has the same right that TWHBEA has, or any other association has, to utilize information in the public domain. NWHA's registration certificates do not infringe in any way on TWHBEA's registration certificates.

TWHBEA's claims for trademark infringement, dilution, and unfair competition are also without merit. TWHBEA (pronounced twē-bhă) is the acronym used industry-wide to refer to the Tennessee Walking Horse Breeders & Exhibitors Association and rarely is the name ever fully spoken. It is true that for some period of time prior to TWHBEA's filing of the Complaint in this case NWHA used the acronym "TWHBEA" on its website for the sole purpose of identifying TWHBEA's registry certificates. Using the mark merely for identification purposes does not constitute trademark infringement, nor does it imply that TWHBEA endorses NWHA or is associated with NWHA. Likewise, the use of the TWHBEA acronym merely to identify TWHBEA's registry certificates does not dilute the distinctive quality (to the extent that the TWHBEA mark is distinctive, which NWHA reserves the right to challenge) of the TWHBEA trademark.

TWHBEA's claims of unfair competition, both state and federal, are equally without merit. NWHA's use of the TWHBEA acronym to identify TWHBEA registry certificates is not likely to cause confusion of the public, particularly owners of Walking Horses, nor is the use of the acronym likely to deceive the public into thinking that TWHBEA is somehow affiliated with or endorses NWHA. It is widely known in the Walking Horse industry that NWHA is not and does not want to be affiliated with TWHBEA and has never engaged in any conduct designed or intended to effect an association with TWHBEA.

TWHBEA's theory that NWHA has somehow intentionally interfered with TWHBEA's business relationships with TWHBEA members is frivolous. In fact, the Complaint fails to state a claim on that issue. Taken to its logical conclusion, TWHBEA's theory would prohibit all types of competition in the United States. TWHBEA and NWHA are competitive organizations within the equestrian industry, specifically within the industry as it relates to the Walking Horse. Both organizations charge fees related to membership and services. There is no set of facts upon which TWHBEA can successfully assert that NWHA intentionally interferes with TWHBEA's business relations with its members. Accordingly, TWHBEA's claim for intentional interference with its business relations should be dismissed upon NWHA's timely filed motion.

In summary, the pedigree of horses is information not subject to copyright protection. NWHA's use of the TWHBEA acronym to identify TWHBEA's registry certificates is a normative fair use of the mark and does not give rise to TWHBEA's claims for trademark infringement, unfair competition or dilution. TWHBEA's claim for intentional interference with its business relationship with its members is not well grounded in fact or in law, nor is it pled sufficiently. In addition, TWHBEA itself has directed NWHA from time to time to use the TWHBEA mark in documents involving horse show competition. TWHBEA has allowed other organizations to use the same ancestral lineage information in which it now claims in this case to possess a copyright interest, in spite of the fact that it objects to NWHA's use of that information. For these reasons, and perhaps for other reasons that may be developed during the preparation of this case, TWHBEA should be estopped from selectively asserting its trademark and

copyright claims against NWHA. Further, TWHBEA's claims are barred by the passage of time, the doctrine of fair use, and by other affirmative defenses which have been set forth in NWHA's Answer.

3. **Motions to Amend**

All motions to amend shall be filed by February 28, 2006, unless subsequently discovered information yields knowledge about claims not otherwise known as of that date.

4. **Discovery**

A. **Discovery Plan**

The parties will comply with the Rule 26(a)(1) initial disclosure requirement, and make such exchanges by February 20, 2006.

All fact discovery shall be completed by May 19, 2006.

Expert disclosures, made pursuant to Rule 26(a)(2), shall be made by Plaintiff by June 15, 2006. Expert disclosures, made pursuant to Rule 26(a)(2), shall be made by Defendant by July 31, 2006. Any supplement to an expert report shall be made by August 15, 2006. Any depositions of experts will be concluded by September 29, 2006.

B. **Discovery Disputes**

The parties anticipate, due to the nature of the case, that they will be able to resolve any discovery disputes. Should the parties have any issues arising with regard to discovery to which they cannot reach an agreement, the parties will contact the Magistrate Judge by telephone to attempt to resolve these matters, after complying with the Local Rules.

C.  **Discovery Motions**

All discovery motions related to fact discovery shall be filed by June 10, 2006. All discovery motions related to expert discovery shall be filed by October 6, 2006.

D.  **Protective Orders**

The parties anticipate that they will enter into a mutually-agreeable protective order prior to the exchange of information through initial disclosures.

E.  **Dispositive Motions**

The parties shall have until October 16, 2006, to file any dispositive motions. Responses shall be due by November 6, 2006. Replies, if permitted by the Court, shall be due by November 17, 2006.

F.  **Settlement/ADR**

The parties have informally discussed settlement, as required by Local Rule 11. The parties agree that mediation may be appropriate at some point prior to trial. Defendant asserts that Early Neutral Evaluation, in accordance with Local Rule 24, is appropriate in this case.

5.  **Anticipated Date of Trial Without Jury**

Trial is expected to take 3 days. Neither party has demanded a jury. The trial is set for _____, and the pretrial conference is set for _____.

6.  **Other Issues & Matters**

All other issues and matters will be taken up as they arise.

The parties' statements of their theories of the case shall not be deemed a waiver of any defense or claim asserted in the pleadings, or that further investigation into the facts may reveal.

ENTERED this the _____ day of February, 2006.

_____
MAGISTRATE JUDGE KNOWLES

APPROVED FOR ENTRY:

/s/ Stephen J. Zralek
Stephen J. Zralek (BPR No. 18971)
Natalya L. Rose (BPR No. 21701)
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300 – phone
(615) 238-6301 -- fax
szralek@bonelaw.com
nrose@bonelaw.com
*Counsel for Tennessee Walking Horse*
*Breeders' and Exhibitors' Association*

and

/s/ Bruce H. Phillips (by Stephen J. Zralek, w/ express permission)
Bruce H. Phillips (BPR No. 16499)
**JACK LYON & JONES, P.A.**
11 Music Circle South, Suite 202
Nashville, TN 37203
(615) 259-4664 – phone
(615) 259-4668 – fax
brucep@jljnash.com
*Counsel for National Walking Horse Association*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served on Bruce H. Phillips, Esq., Counsel for Defendant, 11 Music Circle South, Suite 202, Nashville, TN 37203, via ECF, on this 1st day of February, 2006.

/s/ Stephen J. Zralek