IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| TENNESSEE WALKING HORSE ) <br> BREEDERS' AND EXHIBITORS' ) <br> ASSOCIATION, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL WALKING HORSE ) <br> ASSOCIATION, ) <br> ) <br>     Defendant. ) | No. 1:05-0088 <br> Judge Campbell <br> Magistrate Judge Knowles |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Tennessee Walking Horse Breeders' and Exhibitors' Association ("TWHBEA," pronounced "Twee-Bah"), seeks partial summary judgment on several of its claims and on all of Defendant's affirmative defenses, pursuant to Federal Rule of Civil Procedure 56, Local Rule 56.01, and the Amended Initial Case Management Order entered in this case by the Magistrate on May 5, 2006 (doc. 16). Plaintiff submits that summary judgment is appropriate on the following claims:

(1) Trademark Infringement, in violation of 15 U.S.C. § 1114(1);

(2) Unfair Competition, in violation of 15 U.S.C. § 1125(a), federal common law, and Tenn. Code Ann. § 47-18-104; and

(3) Copyright Infringement, in violation of 17 U.S.C. §§ 101 *et seq*.

Plaintiff also seeks summary judgment on all of the affirmative defenses raised by Defendant, National Walking Horse Association ("NWHA"). Plaintiff does not seek summary

judgment on its claims of Intentional Interference with Business Relations or Trademark Dilution. Plaintiff respectfully submits that permanent injunctive relief is appropriate at this stage and that, if it succeeds here in establishing liability against Defendant on the above claims, damages may be assessed against Defendant at a later hearing or at trial.

As grounds for its motion, Plaintiff states:

1. The Sixth Circuit has identified eight factors to examine and weigh when determining whether a likelihood of confusion exists: "(1) strength of the senior mark; (2) relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) the intent of defendant in selecting the mark; and (8) likelihood of expansion of the product lines." All of the elements except the sixth weigh in favor of Plaintiff, and establish likelihood of confusion.

There is no dispute that NWHA referenced both the service-mark "TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION," and the service mark "THWBEA," on the NWHA Website for 17 months, without permission and without a disclaimer. During this period, the NWHA Website explicitly invited members of the public to apply for NWHA Registry Certificates by attaching a copy of their TWHBEA Registry Certificates.

For the reasons above and for those stated more fully in the memorandum in support, summary judgment should be granted to TWHBEA on its claims of trademark infringement, unfair competition and violation of Tenn. Code Ann. § 47-18-104, and NWHA should be permanently enjoined from using any simulation, reproduction, counterfeit, copy or colorable imitation of the TWHBEA Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service.

2. The TWHBEA Registry, a compilation, is the original creation of Plaintiff and, therefore, subject to copyright protection. In 1935, Plaintiff selected the foundation horses from which to begin its Registry, and for over 70 years has limited registration to those horses that meet its criteria, thus providing an unbroken chain back to the foundation horses. Plaintiff uses unique abbreviations to identify its foundation horses (such as "F-38" to mean the 38th foundation horse). Plaintiff also selected unique colors and marking identifiers for its horses. It is undisputed that 158 of the 164 horses that applied for registration with NWHA provided their TWHBEA Registry Certificates, and that NWHA copied the pedigree and other identifying information from TWHBEA. It is also undisputed that every Registry Certificate names 31 total horses (including the foal plus its 30 ancestors), which yields a maximum of 4,898 TWHBEA-registered horses obtained from just the 158 owners who submitted TWHBEA Registry Certificates with their applications to the NWHA Registry. There is no dispute that NWHA copied whole cloth from the TWHBEA Registry Certificates.

For these reasons and for those stated more fully in the memorandum in support, summary judgment should be granted to TWHBEA on its copyright claim, and NWHA should be permanently enjoined from copying or making any unauthorized use of the TWHBEA Registry or any other works of TWHBEA subject to copyright protection, in any manner, and from publishing, distributing, selling, marketing, producing or otherwise disposing of any copies of the TWHBEA Registry or any other works of TWHBEA subject to copyright protection.

3. NWHA's affirmative defenses of statute of limitations, laches and estoppel must be dismissed on summary judgment. As set forth more fully in the memorandum in support, TWHBEA filed its complaint within seven to nine months of learning of Defendant's

infringement, well within any applicable statute of limitations.  Because NWHA cannot establish a running of the statute of limitations, its laches claim must fail as a matter of law.  Estoppel is not a defense here because NWHA has not acted in good faith.  It was well aware of TWHBEA's marks, and yet profited for 17 months by explicitly inviting individuals to submit TWHBEA Registry Certificates when apply for the NWHA Registry.  For these reasons and those stated more fully in the memorandum in support, summary judgment is appropriate for these three affirmative defenses.

    Respectfully submitted,

    **BONE MCALLESTER NORTON PLLC**

By: _/s/ Stephen J. Zralek_

Stephen J. Zralek (B.P.R. No. 18971)
Natalya L. Rose (B.P.R. No. 21701)
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6300
Facsimile: (615) 238-6301
szralek@bonelaw.com
nrose@bonelaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served, via ECF, on this 15th day of November, 2006, on:

> Bruce H. Phillips, Esq.
> 11 Music Circle South, Suite 202
> Nashville, TN 37203
>
> and
>
> Thomas C. Corts, Esq.
> Deron Brown, Esq.
> 200 Fourth Avenue, North, Third Floor
> Nashville, TN 37219

*Counsel for Defendant*

_____