IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | | |
|---|---|---|
| TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | | No. 1:05-0088 |
| Plaintiff, | | |
| v. | | Judge Campbell |
| NATIONAL WALKING HORSE ASSOCIATION, | | Magistrate Judge Knowles |
| Defendant. | | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, National Walking Horse Association (Defendant or "NWHA") submits its Responses to the Statement of Undisputed Material Facts filed by Plaintiff, Tennessee Walking Horse Breeders' and Exhibitors' Association (Plaintiff or "TWHBEA"), which is reproduced below without Plaintiff's footnotes.

1. In 1935, Plaintiff created and established a registry to record the pedigrees of Tennessee Walking Horses ("the TWHBEA Registry").

**RESPONSE:** Undisputed for purposes of summary judgment only.

2. The TWHBEA Registry contains over 70 years' worth of unbroken ancestral lineage records for Tennessee Walking Horses. TWHBEA maintains in its possession the pedigree of every horse registered with us since 1935, and keeps these in two fireproof vaults.

Every single horse that is registered with TWHBEA has its Registration Certificate on file with TWHBEA, showing an unbroken chain since TWHBEA's founding in 1935.

**RESPONSE:** Undisputed for purposes of summary judgment only.

3. As of November 13, 2006, TWHBEA had approximately 430,000 horses in its Registry, giving it a market share of 98% of registered Tennessee Walking Horses.

**RESPONSE:** Undisputed for purposes of summary judgment only.

4. TWHBEA issues ownership and pedigree certificates based on a horse's satisfaction of the selection criteria, including establishment that the horse is a pure-bred Tennessee Walking Horse ("TWHBEA Registry Certificates").

**RESPONSE:** Undisputed for purposes of summary judgment only.

5. The original Constitution and Bylaws of TWHBEA, adopted in 1935, set forth rules that govern eligibility for registration in the TWHBEA Registry (TWH/NWH 4928-4937 (Art. XIV)), and the 1938 Registry included specific criteria for inclusion, including specific colors, markings on the legs, body, head, mane and tail.

**RESPONSE:** Undisputed for purposes of summary judgment only.

6. Over time, TWHBEA's selection criteria have evolved. For example, in 1974, TWHBEA researched and discussed the use of photographs of the horses' night eyes, or chestnuts for purposes of positive identification and including the photographs in the application for registration.

**RESPONSE:** Undisputed for purposes of summary judgment only.

7. TWHBEA's chart of colors and markings from 1999 includes some different color selections from the 1990 chart, and the 2006 chart includes different colors from the 1999 chart, even still.

**RESPONSE:** Undisputed for purposes of summary judgment only.

8. TWHBEA has registered its copyright in the TWHBEA Registry with the United States Copyright Office ("The Copyright Office").

**RESPONSE:** Undisputed to the extent the United States Copyright Office issued the copyright registration certificates THWBEA attached as Exhibits to the Complaint filed in this case. Otherwise, this is not a statement of fact but a conclusion of law. A plaintiff in a copyright infringement action must prove that the copyright upon which it rests its claims is valid. Don Post Studios, Inc. v. Cinema Secrets, Inc., 124 F.Supp. 2d 311, 315 (D.Pa. 2000).

9. TWHBEA's copyright notice has appeared on its Applications for Registration continuously since 1979.

**RESPONSE:** Undisputed for purposes of summary judgment only.

10. TWHBEA's copyright notice has appeared in its rule books continuously since before 1994.

**RESPONSE:** Undisputed for purposes of summary judgment only.

11. Since as early as June 1974, TWHBEA has continuously and exclusively used the service-mark TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION in interstate commerce, in connection with maintenance of the TWHBEA Registry, sporting events and competitions for the Tennessee Walking Horse, and informational services, printed materials and publications in the field of the Tennessee Walking Horse.

**RESPONSE:** Undisputed for purposes of summary judgment only.

12. Since as early as May 30, 1992, TWHBEA has continuously and exclusively used the service-mark TWHBEA in interstate commerce. In connection with maintenance of the TWHBEA Registry, sporting events and competitions for the Tennessee Walking Horse, and informational services, printed materials and publications in the field of the Tennessee Walking Horse.

**RESPONSE:** Undisputed for purposes of summary judgment only.

13. Since as early as May 30, 1992, TWHBEA has continuously and exclusively used the service-mark TWHBEA and Design ("the TWHBEA Design Mark") in interstate commerce, in connection with maintenance of the TWHBEA Registry, sporting events and competitions for the Tennessee Walking Horse, and informational services, printed material and publications in the field of the Tennessee Walking Horse. A drawing of this service-mark is attached hereto as Exhibit l.

**RESPONSE:** Undisputed for purposes of summary judgment only.

14. Since as early as July 1, 2002, TWHBEA has continuously and exclusively used the service-marks (a) TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION, (b) TWHBEA, and (c) the TWHBEA Design Mark (collectively "the TWHBEA Marks") in interstate commerce in connection with on-line informational services, computerized communications services and on-line retail store services in the field of the Tennessee Walking Horse.

**RESPONSE:** Undisputed for purposes of summary judgment only.

15. The United States Patent and Trademark Office issued registration of the TWHBEA Design Mark, in connection with maintenance of the TWHBEA Registry, on January 31, 1995.

**RESPONSE:** Undisputed for purposes of summary judgment only.

16. When founded in 1998, NWHA did not possess a database of pedigrees of the Tennessee Walking Horse.

**RESPONSE:** Undisputed for purposes of summary judgment only.

17. NWHA established a registry that provides ancestral lineage information of Tennessee Walking Horses ("the NWHA Registry"), and from which NWHA issues certificates of pedigree and ownership registration for Tennessee Walking Horses ("the NWHA Certificates").

**RESPONSE:** Undisputed for purposes of summary judgment only.

18. NWHA launched the NWHA Registry on its website <www.nwha.com> ("the NWHA Website") in approximately July 2004.

**RESPONSE:** Undisputed.

19. As of July 21, 2006, NWHA had received 164 applications from owners to register their horse(s) with NWHA, 158 (or 96%) of which attached a TWHBEA Registry Certificate to their NWHA application.

**RESPONSE:** Undisputed for purposes of summary judgment only.

20. Separately, as of August 22, 2006, the NWHA online database at <www.nwha.com/search.html> ("NWHA Website") included 5,788 entries, 5,014 (or 87%) of which are TWHBEA-registered horses.

**RESPONSE:** Undisputed for purposes of summary judgment only.

21. From the time NWHA first launched the Registry on the NWHA Website in July 2004 through December 25, 2005, it encouraged the public to submit TWHBEA registration papers when applying to register with NWHA.

**RESPONSE:** Undisputed that NWHA stated on its website that it accepted TWHBEA registration certificates from applicants seeking to register a horse in the NWHA registry. NWHA never "encouraged" the public to submit THWBEA registry certificates. See Complaint, Docket No. 1, Exhibit E.

22. From July 2004 through Dumber 25, 2005, the NWHA Website stated:

   A. "NWHA is now accepting Tennessee Walking Horse Breeders and Exhibitors Association (TWHBEA) . . . registered Walking Horses with current registration papers for registration with NWHA."

   B. "Blood typing and parentage verification on horses that are currently registered with TWHBEA ... will be accepted."

   C. "A code will be added to every horse that is registered with [NWHA] that will denote how each horse entered the registry. (example: TWHBEA horses will carry the letter "T")."

   D. "Be sure to send copies of both sides of TWHBEA . . . registration certificates with application to register with NWHA."

   E. "Copies of TWHBEA or CRTWH registration papers MUST accompany registration."

**RESPONSE:** Undisputed for purposes of summary judgment only. NWHA would point out to the Court that THWBEA omits references to the Canadian Registry of Tennessee Walking Horses, using ellipses instead.

23. From July 2004 through December 25, 2005, the NWHA Website included no disclaimer explaining that TWHBHA did not endorse or condone NWHA's use of TWHBEA's trademarks.

**RESPONSE:** Undisputed.

24. NWHA has never asked TWHBEA for permission to use the TWHBEA Marks or the TWHBEA Registry.

**RESPONSE:** Undisputed.

25. TWHBEA filed this suit against NWHA on December 2, 2006 (sic).

**RESPONSE:** Undisputed that TWHBEA's suit was filed December 2, 2005.

26. On approximately December 26, 2005, NWHA eventually removed all references to TWHBEA from the NWHA Website, and added a disclaimer.

**RESPONSE:** Undisputed.

27. NWHA continues to accept TWHBEA Registry Certificates, and has no intention to stop doing so.

**RESPONSE:** Undisputed.

28. NWHA's application for registration contains no space to list a horse's pedigree.

**RESPONSE:** Undisputed.

29. The sole source from which NWHA obtains a horse's pedigree is from the certificate of TWHBEA or the Canadian registry, unless that horse's pedigree is contained in the canned software that NWHA purchased for $100.

**RESPONSE:** Undisputed.

30. The NWHA Registry has copied and denoted unique designations that TWHBEA has historically assigned to its horses, such as "F-38," which designates a horse was the 38th foundation horse in the TWHBEA Registry.

**RESPONSE:** Undisputed for purposes of summary judgment only.

31. After Glo's NWHA application listed these markings: Blaze lower lip, sock left hind leg, fetlock right hind leg." But After Glo's TWHBEA Registry Certificate stated: "Near hind sock, off hind fetlock, lower lip, blaze" - which is exactly what NWHA copied onto the NWHA Registry Certificate that it issued for that horse.

**RESPONSE:** Undisputed for purposes of summary judgment only.

32. Son's Suede Karma's NWHA application listed these markings: "Bald face, sock, mix flax." Its TWHBEA Registry Certificate, however, listed these markings: "Four stockings, bald, flax mane, white tail" - which is exactly what appeared on the NWHA Registry Certificate when it was eventually issued.

**RESPONSE:** Undisputed for purposes of summary judgment only.

33. At least three individuals contacted NWHA to ask that their horses be removed from the NWHA Registry.

**RESPONSE:** Undisputed for purposes of summary judgment only.

34. Twelve of 16 of NWHA's founding directors were also sitting directors of TWHBEA.

**RESPONSE:** Undisputed for purposes of summary judgment only.

35. Approximately all NWHA board members are current or former members of TWHBEA.

**RESPONSE:** Undisputed for purposes of summary judgment only.

36. NWHA only requires DNA testing for those horses applying for NWHA-registration that have never been registered with TWHBEA or the Canadian registry.

**RESPONSE:** Undisputed for purposes of summary judgment only.

37. Many NWHA members continued to register their horses with TWHBEA even after NWHA launched its own registry.

**RESPONSE:** Undisputed for purposes of summary judgment only.

38. TWHBEA first learned of NWHA's infringing conduct in the spring of 2005.

**RESPONSE:** Undisputed for purposes of summary judgment only.

Respectfully submitted,

**ORTALE, KELLEY, HERBERT & CRAWFORD**

By: /s/ Thomas C. Corts
Thomas C. Corts (BPR No. 3486)
Deron H. Brown (BPR No. 20662)
ORTALE, KELLEY, HERBERT & CRAWFORD
Third Floor, Noel Place
200 Fourth Avenue North
Nashville, TN 37219
(615) 256-9999
(615) 726-3261 – fax
tcorts@ortalekelley.com
dbrown@ortalekelley.com
  *Attorneys for Defendant*

JACK, LYON & JONES, P.A.

By: /s/ Bruce H. Phillips
Bruce H. Phillips (BPR No. 16499)
JACK, LYON & JONES, P.A.
11 Music Circle South, Ste. 202
Nashville, TN 37203
(615) 259-4664
(615) 259-4668 - fax
brucep@jljnash.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via ECF, on this 5th day of December 2006, on the following:

Stephen J. Zralke, Esq.
Natalya L. Rose, Esq.
Bone McAllester Norton, PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

/s/ Bruce H. Phillips
Bruce H. Phillips, Esq.